**EXHIBIT J**



# HAWAI'I CIVIL RIGHTS COMMISSION

830 PUNCHBOWL STREET, ROOM 411   HONOLULU, HI 96813 • PHONE: 586-8636 FAX: 586-8655 TDD: 586-8692

May 4, 2004



Ms. Cara L. Loeser
c/o Carl M. Varady, Esq.
Pacific Tower, Suite 2870
1001 Bishop Street
Honolulu, Hawaii 96813

Re:   Cara L. Loeser v. St. Francis Medical Center;
      <u>FEP No. 10964; EEOC No. 37B-A2-0007</u>

Dear Ms. Loeser:

This is to advise you that a preliminary finding of no cause has been recommended regarding your allegation that you were subjected to employment discrimination because of your disability. The investigation included reviewing documentary evidence. You, the complainant, have the burden of proving that an intentional violation of the law occurred before the Commission can find cause. A review of all the evidence in this case failed to satisfy this required burden of proof.

The statements listed below may not represent all of the information that has been considered. They are a summary of the major points on which the closure recommendation is based. Please read the statements carefully and contact me immediately if you have new <u>relevant</u> information that should be considered. Any additional information must be submitted within seven (7) days from the date of this letter and should be in writing. Your response shall be carefully reviewed and further investigation done if necessary. If the new evidence does not change the recommendation, or you do not respond, then your case will be submitted to the Executive Director for formal closure.

## BASIS FOR CLOSURE RECOMMENDATION

You alleged that you were denied reasonable accommodations, forced to resign your position as Pharmacy Technician, forced to transfer to Admissions Registrar, terminated and denied reinstatement based on your disability and discriminatory retaliation.

Respondent provided evidence to support its proffered response that: 1) when you became physically unable to perform certain essential functions of the Pharmacy Technician duties, you were provided reasonable accommodations; 2) that you were transferred to a clerical position because of your inability to perform certain essential functions of the Pharmacy Technician position and because you expressed interest in a clerical position and provided doctors Disability Certificates relating to your restrictions and after your Union waived the CBA seniority provisions; and 3) Respondent provided

**EXHIBIT J**

Ms. Cara L. Loeser
May 4, 2004
Page 2

documentation showing that the reasons for your termination from the clerical position were non-discriminatory.

Thus, there was insufficient evidence to prove a violation of Hawaii Revised Statutes, Chapter 378, part I.

I understand your disappointment in the outcome of this investigation. However, the evidence I have at this time does not establish a violation of the statutes. Unless you are able to provide sufficient new evidence, the next step will be to complete Commission action and provide a right to sue letter to you. This will allow you to proceed on your own with an attorney in court. This does not mean that your case is not meritorious, but that this Commission cannot further process it and must provide you with the right to sue letter.

Sincerely,

*[signature]*

for Julie Rawlins
Investigator



# HAWAI'I CIVIL RIGHTS COMMISSION

830 PUNCHBOWL STREET, ROOM 411  HONOLULU, HI 96813 • PHONE: 586-8636 FAX: 586-8655 TDD: 586-8692

May 12, 2004          Certified Mail-**RETURN RECEIPT REQUESTED**

Ms. Cara L. Loeser
c/o Carl M. Varady, Esq.
Pacific Tower, Suite 2870
1001 Bishop Street
Honolulu HI 96813

**Re:   Notice of Dismissal and Right to Sue in
       Cara L. Loeser vs. St. Francis Medical Center
       FEP No. 10964; EEOC No. 37B-A2-0007**

Dear Ms. Loeser:

The investigator assigned to handle the discrimination complaint which you filed with the Hawaii Civil Rights Commission (HCRC) has recommended that the case be closed on the basis of no cause. The case has been reviewed by the Executive Director who concurs with this recommendation. This does not necessarily mean that the problems you alleged did not occur, but that the investigation could not confirm those allegations to the burden of proof level required by the statute for the Commission to further pursue the case.

Please be advised that this recommendation has been accepted, the processing of the case by this Commission has been closed effective May 12, 2004 and your complaint is being dismissed pursuant to Hawaii Administrative Rules (H.A.R.), Section 12-46-11. You now have the right to file a private lawsuit against Respondent in the State Circuit Court within ninety (90) days after receipt of this notice pursuant to Hawaii Revised Statutes Section 368-12 and H.A.R. Section 12-46-20, should you wish to do so. You are further advised that you should consult an attorney immediately if you wish to pursue this matter further. If you feel your case is strong, an attorney may well be willing to take your case forward because they are not limited, as this Commission is, by the requirement that the matter meet the required burden of proof level before proceeding.

Also be advised that a complainant may request reconsideration of this dismissal of the complaint only within thirty (30) days after the date of receipt of this Notice of Dismissal. (H.A.R. Section 12-46-11). The request for reconsideration must be in writing, must fully set forth the new evidence or specific reasons for disputing this dismissal and should be addressed to the Executive Director at the above address. However, please be advised that filing for reconsideration does not extend your 90-day deadline to file a private lawsuit.

Sincerely,

William D. Hoshijo
Executive Director

WDH:ktk

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CARA LOESER,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ST. FRANCIS MEDICAL CENTER,<br><br>　　　　Defendant. | CIVIL NO. 04-00474 DAE/KSC<br><br>DECLARATION OF SUSAN HASHIMOTO |

### DECLARATION OF SUSAN HASHIMOTO

SUSAN HASHIMOTO declares the following:

1. I was employed by St. Francis Medical Center ("St. Francis") from 1999 to 2001 as Employee Relations Manager. I am currently employed by St. Francis. I make these statements based on my personal knowledge. These statements are true and accurate to the best of my knowledge and are made voluntarily, without coercion.

2. I testified as a witness and was present during the arbitration hearing on June 26, 2002 in the matter of: *In re Hawaii Teamsters & Allied Workers, Local 996, IBT on behalf of Cara Loeser v. St. Francis Medical Center*. Attached hereto as Exhibit A is a true and correct copy of excerpts from the

1233150.1

Transcript of Proceedings for June 26, 2002, which sets forth my testimony given under oath and the sworn testimony of all other witnesses.

3. On July 5, 2001, Cara Loeser bid for the Patient Account Processor position.

4. This position required a detailed understanding of patients' medical insurance coverages. St. Francis selected a more qualified employee to fill the position, since many of the errors made by Ms. Loeser while working as an Admissions Registrar had to do with patient insurance coverages.

5. Ms. Loeser also applied for two Medical Records Clerk positions which required attention to detail including processing, analyzing, and reanalyzing medical records for quality and completeness; verifying, correcting, and updating patient information; tabulating statistical data relating to admissions and discharges; pulling incomplete records and providing chart completion assistance to staff; monitoring completion of Medicare forms in conjunction with coder/abstractors; and answering telephone calls. Again, St. Francis selected more qualified employees for these positions, since many of the errors made by Ms. Loeser while working as an Admissions Registrar had to do with the entry of inaccurate information on records.

6. According to St. Francis' records, the following exhibits were prepared and kept in the course of St. Francis' regularly conducted activities and

practice at or near the time of the occurrence of the matters set forth by a person with knowledge of those matters:

    a.    Attached hereto as Exhibit C is a true and correct copy of evaluations and counseling related to Ms. Loeser's job performance in the Admissions Registrar position.

    b.    Attached hereto as Exhibit D is a true and correct copy of documents related to St. Francis' attempts to help Ms. Loeser locate a vacant position.

    c.    Attached hereto as Exhibit E is a true and correct copy of a forms related to Cara Loeser's bids for the Patient Account Processor and Medical Records positions and related job descriptions.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on __Feb. 15__, 2006.

_Susan Hashimoto_
SUSAN HASHIMOTO