# ORIGINAL

GOODSILL ANDERSON QUINN & STIFEL
A LIMITED LIABILITY LAW PARTNERSHIP LLP

| | |
|---|---|
| A. RICHARD PHILPOTT | 3599-0 |
| rphilpott@goodsill.com | |
| CAROLYN K. GUGELYK | 6276-0 |
| cgugelyk@goodsill.com | |
| LIANN Y. EBESUGAWA | 7955-0 |
| lebesugawa@goodsill.com | |

Alii Place, Suite 1800
1099 Alakea Street
Honolulu, Hawaii 96813
Telephone: (808) 547-5600
Facsimile: (808) 547-5880

Attorneys for Defendant
ST. FRANCIS MEDICAL CENTER

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 1 6 2006

at 2 o'clock and ___ min. __M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CARA LOESER, | CIVIL NO. 04-00474 DAE/KSC |
| Plaintiff, | NOTICE OF SUBMISSION OF ORIGINAL SIGNATURES OF CAROLYN K. GUGELYK RE: ST. FRANCIS MEDICAL CENTER'S SEPARATE CONCISE STATEMENT OF FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, DECLARATION OF COUNSEL, AND CERTIFICATE OF SERVICE; CERTIFICATE OF SERVICE |
| vs. | |
| ST. FRANCIS MEDICAL CENTER, | |
| Defendant. | |
| | DATE:<br>TIME:<br>JUDGE:<br>TRIAL: JULY 18, 2006 |

1244085.1

**NOTICE OF SUBMISSION OF ORIGINAL SIGNATURES OF CAROLYN K. GUGELYK RE: ST. FRANCIS MEDICAL CENTER'S SEPARATE CONCISE STATEMENT OF FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, DECLARATION OF COUNSEL AND CERTIFICATE OF SERVICE**

Comes now, Defendant St. Francis Medical Center and hereby submits the original signature of Carolyn K. Gugelyk Re: St. Francis Medical Center's Separate Concise Statement of Facts in Support of Motion for Summary Judgment, Declaration of Counsel and Certificate of Service.

DATED: Honolulu, Hawaii, _February 16, 2006_.

_____
A. RICHARD PHILPOTT
CAROLYN K. GUGELYK
LIANN Y. EBESUGAWA

Attorneys for Defendant
ST. FRANCIS MEDICAL CENTER

GOODSILL ANDERSON QUINN & STIFEL
A LIMITED LIABILITY LAW PARTNERSHIP LLP

| | |
|---|---|
| A. RICHARD PHILPOTT | 3599-0 |
|    rphilpott@goodsill.com | |
| CAROLYN K. GUGELYK | 6276-0 |
|    cgugelyk@goodsill.com | |
| LIANN Y. EBESUGAWA | 7955-0 |
|    lebesugawa@goodsill.com | |

Alii Place, Suite 1800
1099 Alakea Street
Honolulu, Hawaii 96813
Telephone: (808) 547-5600
Facsimile: (808) 547-5880

Attorneys for Defendant
ST. FRANCIS MEDICAL CENTER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CARA LOESER,<br><br>       Plaintiff,<br><br>vs.<br><br>ST. FRANCIS MEDICAL CENTER,<br><br>       Defendant. | CIVIL NO. 04-00474 DAE/KSC<br><br>DEFENDANT ST. FRANCIS MEDICAL CENTER'S SEPARATE CONCISE STATEMENT OF FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT; DECLARATION OF COUNSEL; HASHIMOTO DECLARATION; EXHIBITS A - J; CERTIFICATE OF SERVICE<br><br>DATE:<br>TIME:<br>JUDGE:<br><br>TRIAL: JULY 18, 2006 |

1227720.5

# DEFENDANT ST. FRANCIS MEDICAL CENTER'S SEPARATE CONCISE STATEMENT OF FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendant ST. FRANCIS MEDICAL CENTER, by and through its attorneys, Goodsill Anderson Quinn & Stifel, hereby submits its statement of material facts, assumed to be true only for the purposes of its motion, in support of its motion for summary judgment.

| FACTS | SUPPORT |
| --- | --- |
| 1. Plaintiff was a Pharmacy Technician up to December 2000. Her duties included accurately filling and delivering prescribed medications. The job required responding to unpredictable emergency requests. | *In re Hawaii Teamsters & Allied Workers, Local 996, IBT on behalf of Cara Loeser v. St. Francis Medical Center* transcript of proceedings (Ex.A) at 13:2-25; 14:1-25; 15:1-11; 97:21-24, Plaintiff's Deposition (Ex.B) at 83:1-9; 171:8-13; 172:16-25; 173:1-6. |
| 2. Plaintiff notified Defendant she had Multiple Sclerosis in 1998. | Complaint at ¶ 10 |
| 3. Plaintiff experienced symptoms like paresthesia, weakness, numbness, sensory loss, dizziness, and loss of vision, speech, hearing, and awareness of self/surrounds. | Exhibit 26 at p.2 of Ex.B.; Ex. B at 201:25; 202:1-25; 203:1-14 |
| 4. Defendant provided Plaintiff with light duty from November 1999 to December 2000 including: (1) a regular non-rotating shift; (2) no lifting over twenty pounds; (3) restricted duties such as limited delivery functions; and (4) more clerical functions. | Ex.B at 128:19-25; 129:1-25; Ex.A at 109:1-18; Ex.B at 72:16-24; 85:8-18; 86:10-24; 111:21-25; 113:25, 114:1-16; 115:14-23; 116; 1-4; 165:13-17; 191:1-9; 197:7-11; Ex.A at 110:6-22; 111:17-25; 112-1-15; 14:6-24; 108:11-25, 18-21, 22-25; 109-:1-2; Ex.B at 61:2-22. |

2

| | |
|---|---|
| 5. Plaintiff's condition interfered with her ability to safely perform her job by accurately preparing medications. Her condition resulted in errors in filling of medications. | Ex.B at 56:10-19; 57:2-17; 61:11-22; 171:7-19. |
| 6. The unpredictable nature of her symptoms made it difficult for her to request assistance. Her difficulty responding to emergency situations like organ transplants resulted in errors, complaints and delays. | Ex.B at 81:20-25; 82:1-16; 160:9-10, 21-23; 169:1-10, 14-22; 172:16-25; 173:1-6. |
| 7. Plaintiff's symptoms occurred suddenly and unpredictably. | Ex.B at 171:16-19; 173:7-9. |
| 8. While working in the pharmacy Plaintiff would be unable to move. | Ex.B at 171:17-19. |
| 9. Heaviness in her arm caused her to drop and shatter equipment costing over thousands of dollars. | Ex.B at 56:22-24; 68:13-18. |
| 10. She had unpredictable symptoms on a daily basis, including loss of judgment. This included incidents of confusion and disorientation. | Ex.B at 68:19-25; 69:1-5; 168:25; 169:1-10. |
| 11. Plaintiff testified in 2002 that her coworkers in the pharmacy department never expressed any displeasure to her regarding her performance deficiencies. | Ex.A at 113:7-12. |
| 12. In 2005, Plaintiff testified her coworkers resented her because she did not have to rotate. She complained to her supervisor who suggested she apply for a clerical position. | Ex.B at 62:7-10; 70:12-15; 188:5-10, 15-17; 169:23-25; 170:1-3; 190:10-20. |

3

13. Plaintiff voluntarily chose to bid for and was accepted into the position of Admissions Registrar on December 4, 2000.     Ex.A at 98:22-25; 99:1-7; 113:12-15; 114: 1-2; Ex. B at 73:21-25; 74:1; 86:25; 87:1-4.

14. Plaintiff was given a seniority advantage over other applicants as an accommodation. The position was also at the same rate of pay as her prior position and included a more desirable morning shift.     Ex. B at 191:4-9; 197:7-11.

15. Plaintiff experienced disorientation where she wouldn't be able to recall sitting down or where documents came from.     Ex.B 89:14-17, 19-22.

16. Plaintiff's symptoms interfered with her ability to respond to emergencies and to work quickly, which also resulted in interruption and delay of service to patients.     Ex.B 185:9-20; 214:24-25; 215:1-8.

17. Plaintiff felt that when she was unable to receive information from patients, she should have been allowed to tell patients she would call them back.     Ex.B at 215:3-8.

18. The unpredictable nature of her symptoms made it impossible for her to ask for help from management in advance.     Ex.B at 186:4-10.

19. Within four weeks, Plaintiff's fellow admissions registrars made her aware of performance concerns, but they were cooperative in providing her with additional training.     Ex.A at 113:3-16; 114:3-7.

| | |
|---|---|
| 20. Three years later, Plaintiff testified that coworkers would approach her and tell her that because she was unable to "do a certain responsibility" it made them "overloaded with work." She also said she wasn't given adequate training. | Ex.B at 141:17-25; 142:1-7; 191:19-23; 194:20-25; 195:1-7. |
| 21. Plaintiff testified that she did not bring those comments made by coworkers to her supervisor's attention. | Ex.B at 195:10-25. |
| 22. Due to failure to improve and inability to perform, Plaintiff was placed on vacation on March 31, 2001 and given assistance in obtaining another job with Defendant. | Ex.A at 47:17-27; 48:1-4; 50:2-4; 51:18-25; 52:7-9; Ex.B at 213:19-25; 214:1-10. |
| 23. Although Defendant assisted Plaintiff in seeking another position, Plaintiff was unsuccessful and Plaintiff's employment was terminated on July 31, 2001. | Ex.A at 48: 7-10, 63: 24-25, 64: 1, 79: 8-16; Ex.B at 146:24-25; 147:1-2; Ex. D & E. |
| 24. Plaintiff applied for a position as Patient Account Processor, but this position required a detailed understanding of patients' medical insurance coverages, functions Plaintiff couldn't perform as Admissions Registrar. She also applied for Medical Records positions, which also required accurate record-keeping and attention to detail. St. Francis selected more qualified applicants. | Declaration of Susan Hashimoto; Exs. D & E; Ex.B at 77:18-25; 184:7-14. |

| | |
|---|---|
| 25. After March 31, 2001, Plaintiff never asked to be returned to the Pharmacy Technician position. | Ex.A at 50:23-25; 51:1-4; 114:17-25; 115:1-4. |
| 26. Plaintiff felt she could have returned to pharmacy dept. with accommodations of (1) a personal assistant; (2) reallocation of job functions; and (3) creation of a brand new position. | Ex.B at 72:23-25; 73:1-2; 82:12-14; 157:4-10, 18-22; 159:18-25; 160:1-25; 161:1-6.: 173:19-25; 174:1-8; 187:5-12. |
| 27. A personal assistant would have been a hardship on Defendant given its staffing shortages and budget constraints. | Ex.B at 59:25; 60:1-4; 83:18-25; 84:1-3 |
| 28. In 2001 & 2002, St. Francis had no excess of resources; lost $22 million last fiscal year, estimated it would lose five to six at the end of 2002 fiscal year; was in the red; and work force had contracted significantly. | Ex.A at 64:7-20. |
| 29. In subsequent employment, Plaintiff had difficulty performing even light duty on a part-time basis and simple cashiering jobs. | Ex.B at 30:10-15, 18-22; 31:1-6; 32:3-12, 12-16; 33:9-25; 34:1-6; 35:22-25; 36:1-12; 38:18-22; 41:5-9; 42:17-25; 43:1; 46:1-12. |
| 30. On October 9, 2001, Plaintiff filed a charge of discrimination which made no reference to a hostile work environment or to harassment. HCRC issued a "no cause finding." | Exs. F & J. |
| 31. Plaintiff applied for Social Security Disability benefits on December 19, 2002, and represented that she was unable to work. | Ex. H; Ex.A at 63:24. |

6

32. The SSA determined that Plaintiff was permanently and totally disabled from working as of July 31, 2001, the date that her employment with Defendant ended.   Ex. I.

DATED: Honolulu, Hawaii, February 15, 2006.

*/s/ Carolyn K. Gugelyk*
A. RICHARD PHILPOTT
CAROLYN K. GUGELYK
LIANN Y. EBESUGAWA
Attorneys for Defendant
ST. FRANCIS MEDICAL CENTER

7

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CARA LOESER,<br><br>        Plaintiff,<br><br>vs.<br><br>ST. FRANCIS MEDICAL CENTER,<br><br>        Defendant. | CIVIL NO. 04-00474 DAE/KSC<br><br>DECLARATION OF COUNSEL |

**DECLARATION OF COUNSEL**

CAROLYN K. GUGELYK, declares the following:

1.     I am a partner with the law firm of Goodsill Anderson Quinn & Stifel, am licensed to practice law in the State of Hawaii, and am admitted to practice law before this Court. I am one of the attorneys representing Defendant ST. FRANCIS MEDICAL CENTER (hereinafter "Defendant") in this action.

2.     I am making this declaration in support of Defendant's Separate Concise Statement of Facts in support of its Motion for Summary Judgment.

3.     Attached as Exhibit A is a true and correct copy of the Transcript of Proceedings taken on June 26, 2002.

4.     Attached as Exhibit B are true and correct copies of excerpts of the Deposition of Cara Loeser taken on August 23 and 24, 2005.

1227720.5

5. Attached as Exhibit F is a true and correct copy of the Charge of Discrimination filed with the Hawaii Civil Rights Commission on October 9, 2001, which was received from the HCRC.

6. Attached as Exhibit G is a true and correct copy of Plaintiff's Response to Defendant's First Request for Answers to Interrogatories dated November 22, 2005.

7. Attached as Exhibit H is a true and correct copy of the Social Security Disability benefits application, dated December 26, 2002, which was contained in Plaintiff's medical records.

8. Attached as Exhibit I is a true and correct copy of the Social Security Administration Decision, dated June 20, 2005, which was produced by Plaintiff.

9. Attached as Exhibit J are true correct copies of letters from the HCRC to Cara Loeser dated May 4, 2004 (investigator's no cause recommendation to the Executive Director) and May 12, 2004 (Executive Director's dismissal, no cause finding and right to sue letter).

10. Attached is a faxed copy of the Declaration of Susan Hashimoto. The original Declaration of Susan Hashimoto will be submitted to Court upon receipt.

11. I certify that the concise statement of facts is about 1420 words and no more than 1500 words according to a count by the Microsoft Word word-processing system.

I declare under penalty of law that the foregoing is true and correct.

Executed on February 15, 2006.

_____
CAROLYN K. GUGELYK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CARA LOESER,<br><br>           Plaintiff,<br><br>vs.<br><br>ST. FRANCIS MEDICAL CENTER,<br><br>           Defendant. | CIVIL NO. 04-00474 DAE/KSC<br><br>CERTIFICATE OF SERVICE |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of DEFENDANT ST. FRANCIS MEDICAL CENTER'S SEPARATE CONCISE STATEMENT OF FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT was duly served upon the following party, in the manner described thereto, at his last-known address on the date indicated below:

| | Mail | Hand Delivery |
|---|---|---|
| Carl M. Varady, Esq.<br>2870 American Savings Bank Tower<br>1001 Bishop Street<br>Honolulu, Hawaii 96813 | ☐ | ☒ |

Attorney for Plaintiff CARA LOESER

1227720.5

DATED: Honolulu, Hawaii, February 15, 2006.

_____
A. RICHARD PHILPOTT
CAROLYN K. GUGELYK
LIANN Y. EBESUGAWA
Attorneys for Defendant
ST. FRANCIS MEDICAL CENTER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CARA LOESER,<br><br>Plaintiff,<br><br>vs.<br><br>ST. FRANCIS MEDICAL CENTER,<br><br>Defendant. | CIVIL NO. 04-00474 DAE/KSC<br><br>CERTIFICATE OF SERVICE<br><br>Trial: July 18, 2006 |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date a true and correct copy of the foregoing document was duly served upon the following individuals at their last known address in the manner described below:

|  | Mail | Hand Delivery |
|---|---|---|
| Carl M. Varady, Esq.<br>2870 American Savings Bank Tower<br>1001 Bishop Street<br>Honolulu, Hawaii 96813 | ☐ | ☒ |

Attorney for Plaintiff CARA LOESER

DATED: Honolulu, Hawaii, _February 16, 2006_.

_____
A. RICHARD PHILPOTT
CAROLYN K. GUGELYK
LIANN Y. EBESUGAWA
Attorneys for Defendant
ST. FRANCIS MEDICAL CENTER

1244085.1