LAW OFFICES OF CARL M. VARADY

CARL M. VARADY  4873
American Savings Bank Tower
1001 Bishop Street, Suite 2870
Honolulu, Hawai'i 96813
Telephone (808) 523-8447

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CARA LOESER<br><br>         Plaintiff,<br><br>vs.<br><br>ST. FRANCIS MEDICAL CENTER<br><br>         Defendant. | CV 04-00474 (DAE/KSC)<br><br>PLAINTIFF'S COUNTER-STATEMENT IN OPPOSITION TO DEFENDANT ST. FRANCIS MEDICAL CENTER'S CONCISE STATEMENT OF FACT IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DECLARATION OF CARA LOESER; CERTIFICATE OF SERVICE<br>Date: March 20, 2006<br>Time: 9:45 a.m.<br>Hon. David A. Ezra |

**PLAINTIFF'S COUNTER-STATEMENT IN OPPOSITION TO DEFENDANT ST. FRANCIS MEDICAL CENTER'S CONCISE STATEMENT OF FACT IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff CARA LOESER, hereby submits her Counter-Statement of Facts in Opposition to the Concise Statement of Facts submitted by Defendant in support of Defendant's motion for summary judgment.

| FACTS | SUPPORTING EVIDENCE |
|---|---|
| 1.      Partially disputed. Plaintiff admits that she was employed as a pharmacy technician until December 2000 and that her duties included retrieving prescriptions from drugs stored in the hospital pharmacy and preparing them for delivery to patients in a variety of circumstances.  In every instance in which she made such retrievals, however, it was mandatory that Plaintiff's selections be reviewed and approved by a pharmacist.  The prescriptions Plaintiff selected were those on written orders provided to Plaintiff. Prescriptions selected by Plaintiff would not be provided to any patient without first being subjected to this review and approval process, which was mandated by law and designed to prevent patients from receiving the wrong prescription. | Declaration of Cara Loeser, ¶ 3 (hereafter "Loeser ¶ x") |
| 2.      Admitted | |
| 3.      Partially disputed. Plaintiff has experienced the symptoms described in the years since her diagnosis of multiple sclerosis, first made in 1998.  However, at the time she was terminated from the Pharmacy Technician's position, her principal symptom for which she sought accommodation was a loss of strength that made it difficult for her to push the pharmacy cart.  Plaintiff requested accommodation in the form of a lighter cart, light duty work or help pushing the cart to address her loss of strength and stamina resulting from her Multiple Sclerosis, or clerical or computer work in the pharmacy. | Id. ¶¶ 2 & 4 |

| | |
|---|---|
| 4.   Partially disputed.  Plaintiff was required to push the pharmacy cart when it weighed more than 20 pounds without assistance.  This slowed Plaintiff down and prohibited her from completing tasks within the time assigned.  Had she be assigned to strictly clerical work or stock-pulling in the pharmacy, rather than delivery assignments, all of which were within the scope of her job duties as a pharmacy technician, she could have continued working in the pharmacy.  Cart deliveries, when the cart was heavy, could have been assisted with the assistance of a transporter, but this assistance was not offered to Plaintiff, even though these transporters assisted other pharmacy technicians. | *Id.* ¶ 5. |
| 5.   Disputed.  Like all pharmacy technicians, Defendant mandated that Plaintiff submit all prescribed substances and the prescription slip to the pharmacist on duty before the prescription was provided to any patient.  Like all other pharmacy technicians, Plaintiff occasionally made a mistake in selection.  No patients were given the wrong prescription as a result of such selections as they all were mandatorily reviewed by pharmacists before being distributed to patients. | *Id.* ¶ 6 |
| 6.   Partially disputed.  While Plaintiff could not fully control her symptoms, they did not contribute to the safety or accuracy with which she filled prescriptions.   Her speed was affected only insofar as Defendant required that she use the heavy cart, rather than accommodating her request for alternatives. | *Id.* ¶ 7. |
| 7.   Partially disputed.  Plaintiff could not predict when she would have a good or bad day, but disputes that the onset of her symptoms was the primary cause of her difficulty.  The difficulty in work was caused by Defendant's refusal to provide Plaintiff with reasonable accommodation. | *Id.* ¶ 8. |
| 8.   Disputed.  Plaintiff did not testify that she was <u>completely</u> unable to move, but that there were times when she temporarily could not move her arm or temporarily could not type or required assistance from the pharmacist. | *Id.* ¶ 9 |

| | |
|---|---|
| 9.   Partially disputed.  Plaintiff was told the equipment cost "more than a thousand dollars," but has no independent knowledge that this is true. | Id. ¶ 10. |
| 10.   Partially disputed.  Plaintiff's specific symptoms were unpredictable in their onset.  The fact that she had MS and the resulting symptoms and their unpredictable onset were known to Defendant.   By use of the word "judgment" Plaintiff was referring to problems in vision that affected her ability to judge distance and space. | Id. ¶ 11. |
| 11.   Disputed.  Plaintiff testified that she experienced a hostile work environment due to the problems associated with her disability and her requests for assistance and accommodation. | Id. ¶ 12. |
| 12.   Admitted. | |
| 13.   Partially disputed.  Plaintiff only chose to bid after her requests for light-duty and other permanent accommodations in the pharmacy were refused by Defendant. | Id. ¶ 13. |
| 14.   Partially disputed.  Plaintiff would have continued in the pharmacy if accommodation had been provided. | Id. ¶ 13. |
| 15.   Partially disputed.  Plaintiff would recognize documents and understand where they came from, even though she had momentary gaps in memory. | Id. ¶ 14. |
| 16.   Partially disputed.  The problems Plaintiff had were not constant and were not of a sufficient duration to prevent her from doing her job with reasonable accommodation, or, doing light duty work in the pharmacy that did not require an emergency response. | Id. ¶ 15. |
| 17.   Partially disputed.  Plaintiff testified only that, occasionally, she wanted to be able to call a patient back if she was having difficulty recording demographic information. | Id. ¶ 16. |
| 18.   Partially disputed.  Plaintiff asked for accommodation many times.  She simply was not able to predict every instance in which her symptoms would become severe. | Id. ¶ 17. |

| | |
|---|---|
| 19.     Partially disputed.  Plaintiff testified that she was not given adequate training. | *Id.* ¶ 18 |
| 20.     Admitted. | |
| 21.     Partially disputed.  Plaintiff did not need to tell her supervisors about her co-worker's hostility, as they were witnesses to it. | *Id.* ¶ 19. |
| 22.     Disputed.  Plaintiff was not provided with reasonable accommodation that would have permitted her to continue in her position as an admissions registrar. | *Id.* ¶ 20. |
| 23.     Disputed.  Plaintiff could have performed her job as an admissions registrar had she been given reasonable accommodation in the from of competent training, in a non-hostile environment, free from the resentment directed at me by my co-workers during the probationary period. | *Id.* |
| 24.     Disputed.  Plaintiff was not offered nor given the opportunity to perform the Patient Account Processor position as the detailed technical training required for this position was never provided to her. | *Id.* ¶ 21. |
| 25.     Partially disputed.  Plaintiff was informed that she would not be permitted to work in the pharmacy again. | *Id.* ¶ 22. |
| 26.     Admitted. | |
| 27.     Disputed.  Plaintiff was told this but has no knowledge as to whether the statement is true or not. | *Id.* ¶ 23. |
| 28.     Disputed.  Defendant has never produced this document and, therefore, is precluded from using it as evidence, pursuant to Rule 26(f), Fed. R. Civ. Pro. | |
| 29.     Partially disputed.  Plaintiff's work history after being terminated from St. Francis, is irrelevant, and proves nothing concerning her work performance and request for accommodation there. | *Id.* ¶ 24. |
| 30.     Disputed.  The EEOC determination of Plaintiff's charge is not admissible as a matter law. | |

| | |
|---|---|
| 31. Partially disputed. SSDI benefits and Plaintiff's ability to work are determined exclusively by the statute and implementing regulations as a matter of law. | |
| 32. Plaintiff requested and was denied reasonable accommodation on several occasions both in the pharmacy and when attempting to train as a registrar. | *Id.* ¶¶ 25 & 26. |
| 33. Plaintiff was aware of other employees being given light duty assignments or for whom positions had been created by Defendant to accommodate disabilities. | *Id.* ¶ 4. |
| 34. In 2000, Mr. Oba, the acting pharmacy director, discussed creating a clerical position for Plaintiff in the pharmacy with Plaintiff and Mr. Bruno, her union representative, before she left the pharmacy, but the position was never created. Plaintiff was forced to apply for work in the Admissions Department. She was placed on 90-days probation and a number of criteria were applied to her performance that were not applied to other employees. | *Id.* ¶ 26. |
| 35. During the probationary period in Admissions, Plaintiff's co-workers discussed her condition, shunned her were hostile and, she discovered, considered her MS contagious like HIV disease. This hostile environment directly interfered with Plaintiff's ability to complete the 90-day probationary period successfully. | *Id.* ¶ 27. |
| 36. During the probationary period in Admissions, Plaintiff was subjected to greater scrutiny than other non-disabled workers and training and accommodation necessary for her to perform her job duties, including necessary information to complete patient registration were denied her, even when she offered to work overtime to accomplish her assignments. | *Id.* ¶ 28. |

DATED: Honolulu, Hawai'i, March __2__, 2006.

                                    /S/
                                CARL M. VARADY
                                Attorney for Plaintiff

## CERTIFICATE OF COMPLIANCE

I certify that the attached document is approximately 1,347 words in length, based on the WordPerfect word count and does not exceed the 1,500 word limit set by LR 56.1(d).

DATED: Honolulu, Hawai'i, March 2, 2006.

/S/
CARL M. VARADY
Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that the attached document was served on the date indicated below by CM/ECF upon:

      CAROLYN K. GUGELYK, ESQ.
      LIANN Y. EBESUGAWA, ESQ.
      Goodsill Anderson Quinn & Stifel
      Ali'i Place, Suite 1800
      1099 Alakea Street
      Honolulu, Hawaii  96813

      Attorneys for Defendant
      ST. FRANCIS MEDICAL CENTER

DATED:   Honolulu, Hawai'i, March __2__, 2006.

                                                /S/
                                    CARL M. VARADY