LAW OFFICES OF CARL M. VARADY

CARL M. VARADY  4873
American Savings Bank Tower
1001 Bishop Street, Suite 2870
Honolulu, Hawai'i 96813
Telephone (808) 523-8447

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CARA LOESER<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>ST. FRANCIS MEDICAL CENTER<br><br>　　　　Defendant. | CV 04-00474 (DAE/KSC)<br><br>PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT ST. FRANCIS MEDICAL CENTER'S MOTION FOR SUMMARY JUDGMENT; CERTIFICATE OF SERVICE<br><br>Date: March 20, 2006<br>Time: 9:45 a.m.<br>Hon. David A. Ezra |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT ST. FRANCIS MEDICAL CENTER'S MOTION FOR SUMMARY JUDGMENT**

　　　　Plaintiff Cara Loeser hereby submits the following memorandum in opposition to Defendant's Motion for Summary Judgment:

## I. FACTS.

Plaintiff Cara Loeser does not dispute that she is disabled. She was first diagnosed with multiple sclerosis in 1998. Declaration of Cara Loeser ¶¶ 2 & 4. (hereafter "CL" at "x"). Ms. Loeser requested reasonable accommodation to do her work as a pharmacy technician. *Id.* ¶ 4-8. Ms. Loeser was aware of other pharmacy employees who had received accommodation for work limitations imposed by their physical disabilities. *Id.* ¶ 4. In particular, Ms. Loeser requested relief from having to push the heavy pharmacy cart to make deliveries to the various patient floors. *Id.* ¶¶ 4-8. Whatever the effect of her multiple sclerosis on her concentration, the selection of medications in the pharmacy always was subjected to direct oversight by the pharmacist, whose approval was necessary before any medications were distributed, as a matter of policy. *Id.* ¶¶ 3 & 6. Therefore, any assertion that Ms. Loeser's symptoms presented any risk to patients is incorrect, given this policy.

Although she requested simple modifications in her pharmacy assignments, especially help pushing the heavy delivery cart, these accommodations were refused. *Id.* ¶¶ 4-8, 15, 23 & 25-26. Instead, Defendant forced Plaintiff to apply for an admissions registrar position and accept a 90-day probationary period. *Id.* ¶¶ 12-14, 17-20, 25-28. In addition to the being designated as "probationary,"

Ms. Loeser was not given training or support that would permit her to learn the admission registrar's job. *Id.* Additionally, Ms. Loeser was subjected to hostility and retaliation from her co-workers who not only resented the additional time and training she requested, but who were so misinformed as to believe that Ms. Loeser's multiple sclerosis was contagious and, thus, ostracized her. *Id.* Not surprisingly, Ms. Loeser was unable to complete her "retraining" successfully, and was terminated after being refused reassignment to the pharmacy. *Id.* ¶ 22-28.

Since her termination Ms. Loeser has continued to seek employment and continues to work part-time as a *Pilates* instructor at the YWCA.

## II. STANDARD OF ANALYSIS.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986). A material fact is one that may affect the decision, so that the finding of that fact is relevant and necessary to the proceedings. *Anderson*

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986). A genuine issue is shown to exist if sufficient evidence is presented such that a reasonable fact finder could decide the question in favor of the nonmoving party. *Id.* The evidence submitted by the non-movant, in opposition to a motion for summary judgment, "is to be believed, and all justifiable inferences are to be drawn in [its] favor." *Id.* at 255. In ruling on a motion for summary judgment, the court must bear in mind the actual quantum and quality of proof necessary to support liability under the applicable law. *Id.* at 254. The court must assess the adequacy of the non-movant's response and must determine whether the showing the non-movant asserts it will make at trial would be sufficient to carry its burden of proof. *See, Celotex*, 477 U.S. at 322.

At the summary judgment stage, this court may not make credibility determinations or weigh conflicting evidence. *Musick v. Burke*, 913 F.2d 1390, 1394 (9th Cir. 1990). The standard for determining a motion for summary judgment is the same standard used to determine a motion for directed verdict: whether the evidence presents a sufficient disagreement to require submission to a jury, or it is so one-sided that one party must prevail as a matter of law. *Id.* (citation omitted).

Applying these principles, summary judgment must be denied.

### III. ARGUMENT.

Ms. Loeser is pursuing claims under the Americans with Disabilities Act and the analogous state statute, HRS 378-2, for disability discrimination, refusal to provide reasonable accommodations and hostile work environment, including retaliation. Defendant seeks summary judgment as to all claims. Ms. Loeser asserts that summary judgment is improper.

    A.    <u>Whether Ms. Loeser is a Qualified Individual is a Question of Fact that is Disputed</u>.

Defendant seeks to remove this case from the jury by asserting that Ms. Loeser is not a "qualified individual" who is protected by the ADA and Hawai'i statute because she cannot perform the essential functions of her job with reasonable accommodation. However, even assuming for purposes of argument that this were true, "an employer must reasonably accommodate the employee with a disability unless the employer can show that such an accommodation would impose an undue hardship on the running of the business." *Brualing v. Contrywide Home Loans, Inc.*, 220 F.3d 1154, 1157 (9th Cir. 2000), *citing McAlindin v. County of San Diego*, 192 F.3d 1226, 1236 (9th Cir. 1999), *opinion amended on denial of rehearing*, 201 F.3d 1211 (9th Cir. 2000); *see also* 42 U.S.C. § 12112(b)(5)(A). The plaintiff has the burden of providing at least a facial showing that a reasonable

accommodation is possible, which burden Ms. Loeser has met in suggesting reasonable modifications to her pharmacy position.  *See Buckingham v. United States*, 998 F.2d 735, 740 (9th Cir. 1993).   Even if such accommodations were not considered reasonable–a factual issue for the jury–reassignment to another position is generally considered a reasonable accommodation. *Brualing,* 220 F.3d at 1157; *see* 29 C.F.R. § 1630.2(o)(2)(ii).

        Ms. Loeser asserts that she could perform the essential functions of a pharmacy technician, with accommodation–primarily having assistance with or relief from pushing the heavy delivery cart to the patient floors.  She also suggested doing clerical and computer and pulling prescriptions, all which were within the work of a pharmacy technician.  No evidence is offered by Defendant to establish that Ms. Loeser's symptoms ever jeopardized patient safety, nor could Defendant do so, as Ms. Loeser's work always was subject to the scrutiny and approval of the pharmacist on duty.

        Instead, Defendant makes a mountain out of Ms. Loeser's symptoms, when it is clear from her testimony–which is the sole basis for Defendant's motion–that she was able to perform the essential functions of her work with accommodation.  Ms. Loeser identifies at least one other pharmacy employee who was given such accommodation in her declaration.  Defendant's assertion that Ms.

Loeser testified that she was "unable to safely and accurately perform the Pharmacy Technician position," is not borne out by the evidence. Ms. Loeser had weakness and fatigue for which she requested accommodation. But she never testified that her weakness or fatigue put patients at risk. On the contrary, her work was directly supervised by a pharmacist at all times and there is no basis whatsoever to assert that her weakness or fatigue jeopardized patient safety.

Even if she was unable to perform the pharmacy technician's position *in toto*, the ADA requires reassignment to a position for which the employee is otherwise qualified. *E.g., Brualing,* 220 F.3d at 1157; *Gile v. United Airlines,* 95 F.3d 492 (7th Cir. 1996). Reassignment should be considered when accommodation within the individual's current position would pose an undue hardship. 29 C.F.R. § 1630.2(o). In other words, an employer may be obligated to reassign a disabled employee when, even with reasonable accommodation, the employee can no longer perform the essential functions of his present job. Significantly, that is the same interpretation contained in the ADA's legislative history. Therefore, if Defendant asserts that Ms. Loeser could not perform <u>any</u> of the essential functions of a pharmacy technician, this assertion begs the question as to why <u>suitable</u> substitute employment was not offered to Ms. Loeser.

Instead, Defendant forced her into a probationary position for which

she was not qualified, in a hostile and retaliatory environment, and then fired her when she had trouble learning the job, which she describes in detail in her declaration.

        B.    <u>Ms. Loeser's Application for and Receipt of SSDI are Irrelevant</u>.

Ms. Loser alleges that she was subjected to disparate treatment, a hostile work environment, including retaliation on account of her disability. Defendant asserts that her application for and receipt of Social Security Disability Insurance payments precludes these claims. This assertion is illogical and legally flawed. It is illogical, because Ms. Loeser's complaint asserts claims the result from her employment. Even if the SSDI payments were conclusive on the issue of her ability to work after she was terminated, her claims stem from the period <u>prior</u> to her SSDI benefits.

Secondly, as Defendant acknowledges, Ms. Loeser continued working after she was terminated, irrespective of the Social Security Administration's determination.

Finally, the SSDI determination is made under a completely separate statute and regulations that are *sui generis*. Thus, the Supreme Court has held that pursuit and receipt of SSDI benefits does not automatically estop a recipient from pursuing an ADA claim or erect a strong presumption against the recipient's ADA

-8-

success. *Cleveland v. Policy Management Systems Corp.*, 526 U.S. 795, 802, 119 S. Ct. 1597, 1602, 143 L. Ed. 2d 966 (1999). As the Court noted, the ADA differs from the Social Security statute because it takes into consideration the very matter at issue here: that a person may be qualified under the ADA because she can work with accommodation, while under the Social Security laws she would be considered "disabled" because the possibility and effect of accommodation are not considered in determining if the applicant can work. *Id.* at 803. Ms. Loeser has specifically stated that she could work with reasonable accommodation, described those accommodations and the fact that her request was rejected. Her application for and receipt of SSDI are irrelevant to the question of whether she was a "qualified" person under the ADA, or whether she was subjected to a hostile environment or the target of retaliation. *E.g, Norris v. Sysco Corp.,* 191 F.3d 1043, 1049 (9th Cir. 1999)(ADA and SSI claims are not the same; SSI claim does not estop ADA claim and is not determinative of disability).

      C.    <u>Whether Accommodation is Reasonable is a Fact Question that is Disputed</u>.

The reasonable accommodation of a disability is a question of fact which we the Ninth Circuit reviews for clear error. *See, e.g., Fuller v. Frank*, 916 F.2d 558, 562 n. 6 (9th Cir. 1990); *Reynolds v. Brock*, 815 F.2d 571, 575 (9th Cir.

1987). The employer bears the burden of proving an inability to accommodate. *Mantolete v. Bolger*, 767 F.2d 1416, 1423 (9th Cir. 1985). Here, Ms. Loeser clearly identifies ways in which she sought accommodation and, in particular, how she could have continued performing the functions of a pharmacy technician if she was relieved from having to make deliveries or had assistance in doing to from a transporter. Defendant does not assert that the specific accommodation was either unreasonable or unduly burdensome–its fiscal difficulties notwithstanding. Defendant does not explain why Ms. Loeser was forced to resign from her position and accept a trainee position as a probationary employee.

        Nor does Defendant's argument regarding accommodation address the hostile environment and retaliation claims brought by Ms. Loeser, which are wholly independent of the issue of the reasonableness of her request for accommodation. These questions are unresolved by the proof now before the Court.

        D.    <u>Plaintiff's Hostile Environment and Retaliation Claims are not Barred</u>.

        Defendant must admit that Ms. Loeser's complaint clearly states claims for hostile work environment and that the Charge states a claim for retaliation. Defendant asserts, wrongly, that a claim for "hostile work environment" is not generally accepted as part of the ADA or the Hawai'i statute.

Regarding the ADA, two circuits have decided that there is such a claim, and both grounded the claim in 42 U.S.C. § 12112(a). *See Flowers v. S. Reg'l Physician Serv.*, 247 F.3d 229, 233 (5th Cir. 2001), and *Fox v. Gen. Motors, Corp.*, 247 F.3d 169, 176-77 (4th Cir. 2001). Several others have assumed the existence of such a claim, without expressly so holding. *See generally* Lisa Eichorn, *Hostile Environment Actions, Title VII, and the ADA: The Limits of the Copy-and-Paste Function*, 77 WASH. L. REV. 575, 575 n.2 & 3 (2002).

   Retaliation certainly is prohibited by both the ADA and Hawai'i law. Pursuing one's rights under the ADA constitutes a protected activity. *See, e.g., McAlindin v. County of San Diego*, 192 F.3d 1226, 1238 (9th Cir. 1999) (stating that "vigorously asserting [one's] rights" under the ADA and other state and federal discrimination laws constitutes protected activity). An adverse employment action is any action "reasonably likely to deter employees from engaging in protected activity." *Ray v. Henderson*, 217 F.3d 1234, 1243 (9th Cir. 2000). Hawai'i administrative regulations specifically prohibit intimidation or retaliation.

> (c) It is unlawful to coerce, intimidate, threaten, harass, or interfere with any person in the exercise or enjoyment of, or because that person aided, counselled, or encouraged any other person in the exercise of, any right granted or protected by this subchapter.

HAR § 12-46-189.

A continuing system of discrimination operates against the employee and violates his or her rights up to a point of time that falls within the applicable limitations period. *Green v. Los Angeles Cty. Superintendent of Sch.*, 883 F.2d 1472, 1480 (9th Cir. 1989). Thus, the fact that some of the alleged misconduct occurred prior to the statutory cut-off is not controlling where some act occurred within the time prescribed. *Id.* A series of related acts, one or more of which falls within the limitations period and when only a few discriminatory acts took place during the limitations period, consitute an ongoing unlawful employment practice. *Fielder v. UAL, Corp.*, 218 F.3d 973, 983 (9th Cir. 2000).

The continuing violations doctrine extends the accrual of a claim if a continuing system of discrimination violates an individual's rights "up to a point in time that falls within the applicable limitations period." *Williams v. Owens-Illinois, Inc.*, 665 F.2d 918, 924 (9th Cir. 1982). The Ninth Circuit states:

> We have recognized two methods by which a plaintiff may establish a continuing violation. *Gutowsky v. County of Placer*, 108 F.3d 256, 259 (9th Cir. 1997). First, the plaintiff may show a serial violation by pointing to a series of related acts against one individual, of which at least one falls within the relevant period of limitations. *Id.; Morgan v. Nat'l RR Passenger Corp.*, 232 F.3d 1008 (9th Cir. 2000). For example, in a case alleging discrimination on the basis of national origin, we permitted the plaintiff to introduce acts of discrimination by his employer that occurred outside of the statute of

> limitations period because they were sufficiently related to later, timely incidents of discrimination. *Sosa v. Hiraoka*, 920 F.2d 1451, 1455 (9th Cir. 1990).

*Douglas v. Department of Cal. Youth Auth.,* 271 F.3d 812 , 822 (9th Cir. 2001).

Finally, the box checking exercise of the "charge" is not determinative of the Court's jurisdiction or Ms. Loeser's claims. The remedial purpose of civil rights statutes and the paucity of legal training among those whom it is designed to protect require charges filed before the EEOC to be construed liberally. *Stache v. International Union of Bricklayers & Allied Craftsmen*, 852 F.2d 1231, 1233 (9th Cir. 1988), *cert.denied,* 493 U.S. 815 (1989). The standard for determining whether an allegation in a judicial complaint is within the scope of the administrative charge is whether the alleged discriminatory acts in the lawsuit are like or reasonably related to the allegations contained in the administrative charge. *Ong v. Cleland,* 642 F.2d 316, 320 (9th Cir. 1981). To determine whether an allegation under is like or reasonably related to allegations contained in a previous EEOC charge, the court examines whether the original EEOC investigation would have encompassed the particular charge. *Green v. Los Angeles County Superintendent of Sch.*, 883 F.2d 1472 (9th Cir. 1989).

> When an employee seeks judicial relief for incidents not listed in his original charge to the [administrative agency], the judicial complaint nevertheless may

> encompass any discrimination like or reasonably related to the allegations of the [agency] charge, including new acts occurring during the pendency of the charge before the [administrative agency].

*Greenlaw v. Garrett*, 59 F.3d 994, 1000, (9th Cir. 1995), *cert. denied* 519 U.S. 836 (1996)(emphasis added)(reversing district court's grant of motion to dismiss Title VII claims for lack of jurisdiction resulting from alleged failure to exhaust remedies), *quoting, Ong,* 642 F.2d at 318. That no such investigation took place does not preclude federal court jurisdiction over the later judicially-asserted claim. *Yamaguchi v. United States*, 109 F.3d 1475, 1480 (9th Cir. 1997).

The court may properly exercise jurisdiction over claims not expressly referenced in an administrative charge as long as those claims were encompassed by (1) the actual EEOC investigation, *EEOC v. Farmer Brothers Co.*, 31 F.3d 891, 899 (9th Cir. 1994); or (2) the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination, *Green,* 883 F.2d at 1476 (*quoting Kaplan v. International Alliance of Theatrical and Stage Employees & Motion Picture Machine Operators*, 525 F.2d 1354, 1358 n.3 (9th Cir. 1975). The face of the Charge identifies "retaliation" as one of the classes of discrimination. Certainly the allegations in the Charge satisfy the standard under *Green* and *Farmer Bros.* for bringing such a claim. There is no box for "hostile environment." However, it is clear from the face of the complaint in this case that Ms. Loeser has alleged, and

-14-

through her declaration and testimony, has brought forth sufficient evidence to pursue such claims based on her forced reassignment, refusal to consider reassignment to the pharmacy, hostility of her co-workers and termination.

### IV.  CONCLUSION.

For the reasons set forth herein, Plaintiff respectfully requests that Defendant's motion for summary judgment be DENIED.

DATED: Honolulu, Hawai'i, March 2, 2006.

/s/
CARL M. VARADY

Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that the attached document was served on the date indicated below by CM/ECF upon:

      CAROLYN K. GUGELYK, ESQ.
      LIANN Y. EBESUGAWA, ESQ.
      Goodsill Anderson Quinn & Stifel
      Ali'i Place, Suite 1800
      1099 Alakea Street
      Honolulu, Hawaii  96813

      Attorneys for Defendant
      ST. FRANCIS MEDICAL CENTER

DATED:   Honolulu, Hawai'i, March 2, 2006.

                                              /S/
                                      CARL M. VARADY